Jane M. Fearn-Zimmer, Esq./ JFZ-6324
ROTHKOFF LAW GROUP
425 Route 70 West
Cherry Hill, N.J. 08002
Tel.: 856-616-2923
jane@rothkofflaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTOINETTE FISHER | : | |
| Plaintiff, | : | COMPLAINT |
| vs. | : | CIVIL ACTION NO. |
| Jennifer Velez, Commissioner, New Jersey Department of Human Services; and Valerie Harr, Director, New Jersey Department Of Human Services, Division of Medical Assistance and Health Services, and Ronald A. Yulick, Executive Director, Burlington County Board of Social Services, | : | |
| Defendants. | : | |

Plaintiff, Antoinette Fisher, a resident of Cinnaminson Center, 1700 Wynwood Drive, Cinnaminson, New Jersey 08707, by way of Complaint against defendants, Jennifer Velez, Commissioner, New Jersey Department of Human Services, P.O. Box 712, Trenton, New Jersey; and Valerie Harr, Director, New Jersey Division of Medical Assistance and Health Services, P.O. Box 712, Trenton, New Jersey and Ronald A. Yulick, Executive Director, Burlington County Board of Social Services in his official capacity, says the following:

FIRST

1. Jurisdiction is founded upon 28 U.S.C. § 1331.

## PARTIES

2. The plaintiff, Antoinette Fisher, is aged within the meaning of the Medicaid Act, being seventy-nine (79) years of age. 42 C.F.R. § 435.520; N.J.A.C. § 10:71-3.9(a)(1).

3. The plaintiff, Antoinette Fisher, is widowed and is diagnosed with advanced Alzheimer's disease and dementia.

4. The plaintiff, Antoinette Fisher, is the mother of Joseph Fisher.

5. On February 20, 2015, the plaintiff, Antoinette Fisher, was determined by the State of New Jersey to require a skilled nursing level of care and the Pre-Admission Screening (PAS) was issued for her. A copy of the completed PAS for Antoinette Fisher is affixed as Exhibit "A."

6. The Plaintiff is a resident of the State of New Jersey, County of Burlington. The plaintiff became a resident of Cinnaminson Center, a Medicaid-certified assisted living facility on or about June 1, 2015. 42 U.S.C. 1396r. Proof of residence is annexed hereto as Exhibit "B."

7. Prior to entering long-term care at Cinnaminson Center, Antoinette Fisher resided in the community at 764 Charles Street, Burlington, New Jersey for many years.

8. In 2008, Joseph Fisher, moved into his parents' home at 764 Charles Street, Burlington, New Jersey to care for the plaintiff.

9. Joseph Fisher worked from his parents' home and was assisted in caring for his parents by in home aides. Joseph Fisher supervised his parents' care.

10. The plaintiff's physical and mental condition during the two year period immediately preceding her entry into skilled nursing care was so severe as to require special attention and care due to her advanced dementia and Alzheimer's disease.

11. During the two year and a half year period immediately preceding the entry of Antoinette Fisher into long-term care in June, 2015, Joseph Fisher cared for the plaintiff, Antoinette Fisher, and his father, the late Thomas Fisher, in their marital home.

12. Since January 1, 2013 through and including June 1, 2015, the date of her entry into long-term care, Joseph Fisher provided such a level of care as to Antoinette Fisher as to enable her to remain at home and to prevent her from entering into skilled nursing care prior to February 1, 2015.

13. The care provided by Joseph Fisher to his mother, the plaintiff, Antoinette Fisher, exceeded the normal personal support activities.

14. The care provided by Joseph Fisher to his mother, the plaintiff, Antoinette Fisher, was essential to the health and safety of the individual and shall have consisted of activities such as, but not limited to, supervision of medication, monitoring of nutritional status, and insuring her safety.

15. By deed dated February 5, 2015, the title to the home of the plaintiff, Antoinette Fisher, was transferred into the name of her son, Joseph Fisher. A copy of the deed is affixed hereto as Exhibit "C."

16. The Plaintiff, Antoinette Fisher, is an individual who applied for benefits under New Jersey's Nursing Home Medicaid Program on or about on March 25, 2015.

17. If it is determined that an applicant has transferred an asset for less than fair market value during the five year Medicaid look-back period, to become eligible for Medicaid institutional level services, the applicant will be subject to a period of Medicaid eligibility imposed once she is otherwise eligible for Medicaid benefits. N.J.S.A. 30:4D-3(i)(15)(b); N.J.A.C. 10:71-4.10(c)(4).

18. There is an exception to the Medicaid penalty period for a transfer of the home of a Medicaid applicant to her caregiver child. 42 U.S.C. § 1396p(c)(2)(A)(iv); N.J.A.C. 4:10-71-4.7(d)4.

19. The federal Medicaid statutes, at 42 U.S.C. § 1396p(c)(2)(A)(iv). provide in pertinent part:

> (2) An individual shall not be ineligible for medical assistance by reason of paragraph (1) to the extent that
>
> (A) the assets transferred were a home and title to the home was transferred to--
>
> (iv) a son or daughter of such individual (other than a child described in clause (ii)) who was residing in such individual's home for a period of at least two years immediately before the date the individual becomes an institutionalized individual, and who (as determined by the State) provided care to such individual which permitted such individual to reside at home rather than in such an institution or facility.

20. New Jersey's State Medicaid Manual document adopts the federal law provisions regarding the caregiver child exemption. N.J.A.C. 10:71-4.(d)4 provides in pertinent part:

> (d) However, an individual shall not be ineligible for an institutional level of care because of the transfer of his or her equity interest in a home which serves (or served immediately prior to entry into institutional care) as the individual's principal place of residence and the title to the home was transferred to:
>
> \*                     \*                     \*
>
> \*4. A son or daughter of the institutionalized individual … who was residing in the individual's home for a period of at least two years immediately before the date the individual becomes an institutionalized individual and who has provided care to such individual which permitted the individual to reside at home rather than in an institution or facility.
>
>> i. The care provided by the individual's son or daughter for the purposes of this subchapter shall have exceeded the normal personal support activities (for example, routine transportation and shopping). The individual's physical or mental condition shall have been such as to require special attention and care. The care provided by the son or daughter shall have been essential to the health and safety of the individual and shall have consisted of activities such as, but not limited to, supervision of medication, monitoring of nutritional status, and insuring the safety of the individual.

21. The Defendant, Jennifer Velez, ("Commissioner Velez"), was at all times relevant the Commissioner of the New Jersey Department of Human Services (DHS), which supervises the administration of the Medicaid program in New Jersey. N.J.S.A. § 30:4D-3 (c).

22. The Defendant, Valerie Harr, (Director Harr) was at all times relevant the Director of the New Jersey Division of Medical Assistance and Health Services (DMAHS), which is responsible for the administration of the Medicaid program. She reports directly to Commissioner Velez and exercises supervision over the activities of DMAHS. N.J.S.A. § 30:4D-3(d).

23. The defendant, Ronald A. Yulick, is and has been at all relevant times the Director of the Burlington County Board of Social Services, Division of Social Services, which handles eligibility and post-eligibility Medicaid determinations for residents of Burlington County, New Jersey. The defendant, Ronald A. Yulick, is named in his official capacity as the Director of the Burlington County Board of Social Services, which is the County Welfare Office responsible for issuing the determination of Medicaid eligibility for the plaintiff, Antoinette Fisher, which is at issue in this litigation.

24. The Defendants Velez, Harr and Yulick, are collectively referred here and after as the "Defendants."

25. The Burlington County Board of Social Services issued a determination on the Medicaid application filed for the plaintiff, Antoinette Fisher, dated August 10, 2015, but did not mail the subject determination until on or about August 25, 2015, the date the envelope containing the decision was post-marked.

26. Joseph Fisher, the plaintiff's son, received the determination on or about August 26, 2015.

27. The determination found the plaintiff, Antoinette Fisher, eligible for Medicaid effective June 1, 2015, subject to a Medicaid penalty period of 568 days, running from June 1, 2015 and ending on December 20, 2016. A copy of the Medicaid determination for the plaintiff, Antoinette Fisher, is affixed hereto as Exhibit "D."

28. The Medicaid penalty period was imposed for the transfer of the real property located at 764 Charles Street, Burlington, New Jersey, to her son, Joseph Fisher, which the Burlington County Board of Social Services computed to have a fair market value of $189,000.

## FACTS

29. Title 42, U.S.C. § 1396a(a) enumerates the contents of the State Medicaid plan (State Plan), which is required in order for a State to participate in the federal/state cooperative Medicaid program and to receive financial participation from the United States federal government.

30. The State of New Jersey has chosen to participate in the Medicaid program and has developed a State plan and promulgated statutes and regulations to implement the State plan. N.J.A.C. § 30:4D-1 et seq., N.J.A.C. § 10:71-1.1 et seq. Title 42, U.S.C. § 1396p(c) addresses the Medicaid transfer of assets rules.

31. Unless they are enjoined from doing so, Defendants will wrongfully deny the plaintiff, Antoinette Fisher, the caregiver child exemption and thus, eligibility for Medicaid benefits under the Nursing Home Medicaid Program prior to December 20, 2016, due to the imposition of the 568 day Medicaid penalty period for the transfer of her former home to Joseph Fisher, her caregiver child.

32. A timely request for a Medicaid Fair Hearing was filed by the plaintiff on August 27, 2015. A copy of the Fair Hearing request is attached hereto as Exhibit "E."

33. On or about November 13, 2015, a pre-hearing conference was held in the Medicaid Fair Hearing with a representative of the Burlington County Board of Social Services.

34. During the pre-hearing conference, a representative of the Burlington County Board of Social Service communicated the plaintiff, Antoinette Fisher, was denied the benefit of the caregiver child exemption set forth at c because Joseph Fisher did not personally provide 24/7 care of his mother in the home, due to the fact that he worked from home and employed in home caregivers for his mother.

35. At no point during the administrative process did the defendants provide any legal authority supporting this position or decision.

36. Following the pre-hearing conference, by letter dated January 13, 2016, the undersigned counsel for the plaintiff, Antoinette Fisher, contacted the Division of Medical Assistance and Health Services, and requested documentation of support for the defendants' position that the plaintiff, Antoinette Fisher, does not qualify for the caregiver child exemption. A copy of the January 13, 2016 letter is affixed as Exhibit F.

37. Since January 13, 2016 and continuing to date, the defendants have failed and continue to fail to provide any legal authority to support their de facto policy of requiring that a child not maintain any paid employment other than providing 24/7 skilled nursing care if the parent is to qualify for the caregiver child exemption.

FIRST STATEMENT OF CLAIM

38. Plaintiff repeats and re-alleges paragraphs 1 through 31 as more fully set forth herein.

39. Defendants' actions violate the Federal Medicaid Act, by failing to respect the clear provisions of federal and state law at 42 U.S.C. § 1396p(c)(2)(A)(iv) and N.J.A.C.  4:10-

71-4.7(d)4, the provisions setting forth the caregiver child exemption, for which violation relief is available pursuant to 42 U.S.C. § 1396r-5(d)(5), 42 U.S.C.A. § 1983 and the Supremacy Clause of the Constitution of the United States.

40. Defendants' actions violate the Federal Medicaid Act, by failing to properly process the Medicaid application of the plaintiff, Antoinette Fisher, for Medicaid benefits through the Nursing Home Medicaid Program by creating an unfair classification of individuals incapable of utilizing the caregiver child exemption set forth at 42 U.S.C. § 1396p(c)(2)(A)(iv) and N.J.A.C. 4:10-71-4.7(d)4, in violation of the due process clause of the Fourteenth Amendment of the United States Constitution, which provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

WHEREFORE, Plaintiff demands judgment against all defendants as follows:

A. Enjoining and directing that the defendants cease and desist in carrying out the policy limiting the caregiver child exemption to impermissibly require that a caregiver child maintain no employment other than personally providing 24/7 skilled nursing care for the elderly and disabled parent and in denying the caregiver child exemption to the plaintiff, Antoinette Fisher, by virtue of this illegal policy;

B. Enjoining and directing that the defendants cease and desist in requiring that in order to be determined a caregiver child, a child who provides skilled nursing care to a parent, must be the sole caregiver of the parent, and cannot supplement his or her care with care provided by a home health aide or any other person and in denying the caregiver child exemption to the plaintiff, Antoinette Fisher, by virtue of this illegal policy;

C. Enjoining and directing that the properly process the Medicaid application for the plaintiff, Antoinette Fisher, by giving full force and effect to 4U.S.C. § 1396p(c)(2)(A)(iv) and N.J.A.C. 4:10-71-4.7(d)4, which provisions set forth the caregiver child exemption to the Medicaid penalty period.

D. Awarding Plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988; and

E. Awarding such other relief as the court may deem just and equitable.

Dated: February 9, 2016

ROTHKOFF LAW GROUP

By: /s/ Jane M. Fearn-Zimmer
Jane M. Fearn-Zimmer, Esquire
ROTHKOFF LAW GROUP
425 Route 70 West
Cherry Hill, N.J. 08002
Tel.: 856-616-2923
jane@rothkofflaw.com
JFZ-6324
Attorneys for Plaintiff